UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCOIS L. DAMOUN,<br><br>    Petitioner,<br><br>    v.<br><br>KAMALA HARRIS,<br><br>    Respondent. | Case No. 15-cv-00583-HSG (PR)<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

### INTRODUCTION

Petitioner filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner seeks leave to proceed in forma pauperis.

### BACKGROUND

The petition discloses that in 2012 petitioner was convicted in Sonoma County Superior Court of possession of a controlled substance with intent to sell. He was sentenced to four years of probation. The California Court of Appeal affirmed his conviction. Although petitioner indicates in his petition that he did not appeal to the California Supreme Court, the California Appellate Court's on-line Register of Actions reflects that the California Supreme Court denied review on July 9, 2014. Petitioner reports that he did not file any state habeas petitions before filing this action, and the California Appellate Court's on-line Register of Actions shows no habeas action brought by petitioner in the California Court of Appeal or California Supreme Court.

**DISCUSSION**

**I.   Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). However, a petitioner must present to the highest state court all claims he wishes to raise in a federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* However, district courts have discretion to hold a mixed petition, that is a petition that contains exhausted and unexhausted claims, in abeyance pending exhaustion of the unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). But, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *Id.* (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

**II.   Petitioner's Claims**

Petitioner asserts the following claims in his petition: (1) the prosecutor unfairly excluded jurors based on race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (2) the trial court improperly denied petitioner's motion to substitute counsel brought pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970); and (3) petitioner's conviction violated California's Medical Marijuana Program Act, California Senate Bill 420.

The Court has compared the opinion of the California Court of Appeal on direct review[1] with the instant petition and determines that none of the claims in the latter were included in the former.  Accordingly, it appears that petitioner has presented a fully unexhausted petition.  If this is correct, the petition must be dismissed without prejudice and may be re-filed once the claims have been exhausted.  However, petitioner will be provided an opportunity to demonstrate that some of the claims have already been exhausted.  If he is able to do this, he may qualify to have his petition stayed while he exhausts his unexhausted claims in state court.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's motion to proceed in forma pauperis is GRANTED.

2. Petitioner must show cause within **twenty-one (21)** days of the date this order is filed why his petition should not be dismissed without prejudice as unexhausted.  **Failure to file a response within the designated time will result in the dismissal of this action.**

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: 5/18/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] *See People v. D'Amoun*, No. A136126, 2014 WL 1293572 (Cal. Ct. App. Mar. 28, 2014).